**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK A. GODWIN, | No. 14-16970 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00572-LJO-MJS |
| v. | |
| DAWNA FRENCHIE REEVES, Stanislaus County Superior Court Judge, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Former California state prisoner Mark A. Godwin appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations in connection with his state criminal proceedings.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Godwin's federal claims because Judge Reeves is immune from liability.  *See* 42 U.S.C. § 1983; *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (per curiam) (judges are absolutely immune from suits for damages based on their judicial conduct except when performing nonjudicial functions or acting in the complete absence of jurisdiction).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Godwin's state law claims.  *See Ove v. Gwinn,* 264 F.3d 817, 821, 826 (9th Cir. 2011) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

**AFFIRMED.**